UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SEON DEOK KIM | ) | Case No. 07-12972-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| WACHOVIA BANK, N.A. | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SEON DEOK KIM *et al* | ) | |
| | ) | |
| Respondents | ) | |

**MEMORANDUM OPINION**

A preliminary hearing was held on January 2, 2008, on the motion of Wachovia Bank, N.A. ("Wachovia") for relief from the automatic stay in order to enforce a deed of trust against property formerly owned by the debtor at 7703 Royal Azalea Court, Springfield, Virginia. Neither the debtor nor the trustee has opposed the motion, but Provident Title & Escrow, LLC, trading as RGS Title ("RGS")—which conducted the settlement when the debtor sold the property to the current owners in 2004 but failed to discover or pay off Wachovia's deed of trust—filed a written opposition and appeared at the hearing. After hearing the arguments of the parties, the court took the motion under advisement to review the applicable law. For the reasons stated, the court will modify the stay, to the extent it even applies, to allow Wachovia to proceed with foreclosure.

1

Background

Seon Deok Kim ("the debtor") filed a voluntary petition for relief under chapter 7 of the

Bankruptpcy Code in this court on October 14, 2007, and has not yet been granted a discharge.

The debtor's schedules list no interest in the real estate that is the subject of this motion.

Wachovia is, however, listed as the holder of a disputed unsecured claim in the amount of

$44,955.00 as "alleged amount due to unpaid loan from sale of previously-owned property."

The present motion for relief from the automatic stay was filed by Wachovia on

November 30, 2007.  It asserts that the debtor has defaulted in payments on a Prime Equity Line

of Credit Agreement dated September 6, 2002, in the original principal amount of $50,000.00,

secured by a credit-line deed of trust dated the same date and recorded on September 12, 2002,

in the clerk's office of the Circuit Court of Fairfax County, Virginia, encumbering property then

owned by the debtor at 7703 Royal Azalea Court, Springfield, Virginia.[1]  In its response, RGS

does not dispute the validity of Wachovia's lien or the payment default but does assert that

allowing Wachovia to foreclose would be inequitable both to RGS and to the current owners of

the property.[2]

According to RGS, it was hired to perform the title work and to conduct the settlement

for a sale of the property by the debtor to Marshall Keye Sabol and Carol J. Sabol, with the

closing having taken place on December 23, 2004.  The title examiner did not discover the

---

[1] The legal description shown in the deed of trust is Lot 11, Section 1, WHISPERWOOD, as the same is duly dedicated, platted and recorded in Deed Book 8595, at Page 184, among the land records of Fairfax County, Virginia.

[2] Counsel for RGS advised the court that her client was still investigating and was not certain whether the current owners had obtained owner's title insurance.

2

Wachovia credit-line deed of trust, nor did the debtor disclose its existence at the settlement. Additionally, Wachovia Bank (which provided payoff figures for another deed of trust against the property) did not provide any payoff figures for the line of credit.  RGI asserts that at some point after the settlement it learned of the Wachovia credit-line deed of trust and made formal demand on the debtor to pay it.  The debtor, according to RGI, responded that she did not have sufficient funds to pay the loan off but would continue to make the required monthly payments, which she apparently did until the chapter 7 petition was filed.

Discussion

The filing of a bankruptcy petition creates an automatic stay of most types of creditor activity, including acts to enforce prepetition liens against property of the debtor or property of the bankruptcy estate, as well as acts "to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."  § 362(a), Bankruptcy Code.  On motion of the party affected, however, the stay may be annulled, terminated, modified or conditioned, either for "cause," which includes lack of adequate protection, or if the debtor has no equity in the property and the property is not necessary for an effective reorganization.  § 362(d)(1) and (2), Bankruptcy Code.  The term "cause" is not defined by the Bankruptcy Code, but the Fourth Circuit has explained that it requires the court "[to] balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied."  *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

As an initial matter, it is highly doubtful that the automatic stay even applies.  *See In re Geris,* 973 F.2d 318 (4th Cir. 1992).  In *Geris*, a bank had foreclosed on real estate that was

owned by a corporation in which the debtor had formerly been a one-third shareholder but had

sold his stock.  While still a shareholder, the debtor had endorsed a note from the corporation to

the bank. The note was secured by a deed of trust against the company's property.  After the

debtor filed a chapter 11 petition, the bank foreclosed against the company's property, and the

company then brought an action in the bankruptcy court challenging the foreclosure as a

violation of the automatic stay.  Both the bankruptcy court and the district court held that the

automatic stay was not violated, and the Fourth Circuit affirmed, holding that the automatic stay

does not bar foreclosure against property not owned by the debtor (or even owned by an entity in

which the debtor has an interest) solely because debtor is liable on the note.

It is difficult to see how the present case can be distinguished from *Geris*.[3]  But even if

the automatic stay did apply, the court would be constrained to grant relief.  In this connection,

the court need not decide whether Wachovia is entitled to relief from the automatic stay for

"cause,"[4] because it rather plainly is entitled to relief on the separate ground that the debtor has

no equity in the property, having sold it more than two years prior to the bankruptcy, and the

property is not necessary to an effective reorganization, since this is a chapter 7 liquidation case,

not a reorganization case.

As this court has previously observed, the fact that a creditor may be entitled to relief

from the automatic stay does not necessarily require that the stay be terminated, since the statute

---

[3]  Neither Wachovia nor RGS has cited to or otherwise discussed *Geris* in their pleadings or at
oral argument.

[4]  Even though no payments are currently being made on the line of credit agreement, the arrears
total only three months, and Wachovia, which is in a first-lien position, has the benefit of a
substantial equity cushion.

gives the court broad discretion as to whether relief should take the form of annulment,

termination, modification, or conditions protecting the stayed party's interests.  *In re Charles H.*

*Jones*, No. 98-17991-SSM, 1998 WL 939693 at *6 (Bankr. E.D. Va. 1998).[5]  The fact that a

foreclosure sale would (unless a title insurer were to step in and pay off Wachovia's note) harm a

third party, namely the current owners, is simply one of many equitable factors a bankruptcy

court might properly consider in determining what form of relief is appropriate.  RGS—at least

as the court understands its position—does not contend that Wachovia could be held at bay

indefinitely.  Rather, RGS mainly appears to be seeking a period of delay in which to investigate

the facts and negotiate a solution (which it apparently hopes will consist of the debtor resuming

payments on the line of credit agreement).[6]  But even though the court is always in favor of

negotiated settlements and is happy to encourage them, the question remains whether continuing

the automatic stay (assuming it applies) on specified conditions is appropriate when any benefit

from the delay would not flow either to the debtor or the estate but rather to a third party.  The

automatic stay exists, after all, to protect the debtor and the bankruptcy estate.  It provides the

debtor with a breathing spell from his creditors and protects the bankruptcy estate against a

scramble by creditors for the debtor's assets.  Neither of those concerns is implicated by the

relief Wachovia is seeking, which is simply to enforce its deed of trust against property that is

not property either of the debtor or of the estate and that no one has suggested is recoverable by

the trustee under his avoiding powers.  Although harm to third parties from enforcement of a

---

[5]  The opinion is available on-line at http://www.vaeb.uscourts.gov/opinions/ssm/jones.pdf.

[6]  RGS has filed a motion for a Rule 2004 examination of the debtor as well as a motion to
extend the time to file a complaint objecting to the debtor's discharge and to determine the
dischargeability of its claim against the debtor.

deed of trust is certainly a factor that the court may consider, it should not be allowed to usurp

the primary function of the automatic stay, which is to protect the debtor and the bankruptcy

estate.  Particularly where, as here, no objection has been voiced by the debtor or the chapter 7

trustee, the court can see no reason why the automatic stay (again, assuming it applies) should

remain in effect.  Any concerns respecting the rights of, or harm to, innocent third parties are

more appropriately directed to the state courts.

A separate order will be entered modifying the automatic stay (to the extent it applies) to

allow enforcement of Wachovia's deed of trust.

Date: _____          _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge

6

Copies to:

Dwayne L. Garrett, Esquire
Law Offices of Dwayne L. Garrett, P.C.
15206 Dino Drive
Burtonsville, MD 20866
Counsel for the movant

Madeline A. Trainor, Esquire
Cyron & Miller, LLP
100 N. Pitt Street, suite 200
Alexandria, VA  22314
Counsel for RGS Title

Young S. Song, Esquire
Law Office of Young S. Song
Capital Office Park
6301 Ivy Lane, Suite 419
Greenbelt, MD 20770
Counsel for the debtor

Seon Deok Kim
43695 Burning Sands Terr.
Leesburg, VA 20176
Debtor

H. Jason Gold, Esquire
Wiley Rein, LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22101
Chapter 7 trustee